UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEWARREN ANTOINE LEWIS,

    Petitioner,

v.                                       CASE NO. 6:16-cv-2031-Orl-28KRS
                                            (6:13-cr-221-Orl-28KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case is before the Court on Petitioner Dewarren Antoine Lewis' Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) pursuant to 28 U.S.C. § 2255. Respondent filed a Response to the Motion to Vacate ("Response," Doc. 4) in compliance with this Court's instruction. Petitioner filed a Reply to the Response ("Reply," Doc. 9).

Petitioner asserts four grounds for relief.[1] For the following reasons, the Motion to Vacate is denied.

### I. Procedural History

A grand jury charged Petitioner by Indictment with two counts of bank robbery combined with assault or putting someone's life in jeopardy by using a dangerous weapon (Counts One and Three) in violation of 18 U.S.C. §§ 2113(a) and (d) and two counts of carrying a firearm which was brandished during a bank robbery (Counts Two and Four) in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(ii). (Criminal Case No. 6:13-cr-221-Orl-28KRS, Doc. 15.)[2] A jury

---

[1] The Motion to Vacate contains two enumerated grounds for relief, but each ground has subparts.

[2] Criminal Case No. 6:13-cr-221-Orl-28KRS will be referred to as "Criminal Case."

found Petitioner guilty as charged. (Criminal Case, Doc. 45.) The Court sentenced Petitioner to concurrent sixty-month terms of imprisonment for Counts One and Three, to a consecutive sixty-month term of imprisonment for Count Two, and to a consecutive 300-month term of imprisonment for Count Four, for a total term of 420 months. (Criminal Case, Doc. 68.) Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed on April 23, 2015. (Criminal Case, Doc. 85.)

Petitioner filed the Motion to Vacate under the mailbox rule on November 15, 2016.[3] (Doc. 1.)

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[3] *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (pro se prisoner's 2255 motion is deemed filed the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the document was signed by the prisoner).

Under § 2255(f)(1), Petitioner had one year from the date his conviction became final to file a § 2255 motion. The Eleventh Circuit affirmed Petitioner's conviction on April 23, 2015. Petitioner then had ninety days, or through July 22, 2015, to petition the Supreme Court of the United States for writ of certiorari. *See* Sup. Ct. R. 13. Petitioner did not do so; therefore, his conviction became final on July 22, 2015. *Clay v. United States*, 537 U.S. 522, 525 (2003) (stating "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Consequently, Petitioner had through July 25, 2016,[4] to file a § 2255 motion. However, Petitioner's motion was not filed until November 15, 2016. Thus, the motion is untimely under § 2255(f)(1).

To excuse his untimely filing, Petitioner contends he is entitled to equitable tolling. (Doc. Nos. 1 at 12-15; 9 at 3-5.) In support of this argument, Petitioner asserts that he was in a special housing unit from May 11, 2016, until July 27, 2016, and did not have access to his personal property or legal materials. (Doc. Nos. 1 at 13; 9 at 3.) Petitioner further notes that he was then transferred to another facility and did not obtain his property until September 2016. (Doc. 1 at 13.)

The Supreme Court of the United States has held that the one-year statutory limitations period is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 644 (2010). Equitable tolling is appropriate when a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Lucas v. United States*, 522 F. App'x 556 (11th Cir. 2013) (applying *Holland* to a § 2255 motion). "The diligence required for equitable tolling purposes is 'reasonable diligence,'... 'not

---

[4] The limitation period expired on July 23, 2016, a Saturday. Petitioner, therefore, had until the following Monday, July 25, 2016, to timely file his motion.

maximum feasible diligence. . . .'" *Id.* at 653 (internal quotations and citations omitted). To show extraordinary circumstances, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)). The petitioner bears the burden of establishing the applicability of equitable tolling. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner has not pled sufficient facts demonstrating that an extraordinary circumstance prevented him from timely filing his motion or that he exercised reasonable diligence. Accepting that Petitioner was without his legal materials from May 2016 through September 2016, he had approximately ten months after his conviction became final (from July 22, 2015, through May 10, 2016) to prepare and timely file his § 2255 motion before he was placed in special housing or transferred. Furthermore, Petitioner does not explain how his lack of legal materials, placement in special housing, or transfer prevented him from timely filing the instant action. In sum, Petitioner has not established that he exercised due diligence or that an extraordinary circumstance prevented him from timely filing the instant action. *See, e.g., Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) ("Paulcin asserted only the conclusory allegation that he was denied access to the [law] library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding."); *Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (stating "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (one-year limitations period is not equitably tolled based on prison lockdowns or misplacement of legal papers).

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year period of limitations and that are not specifically addressed herein have likewise been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:13-cr-221-Orl-28KRS and to terminate the motion (Criminal Case, Doc. 93) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on February 27, 2018.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-1

---

[5] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).

Dewarren Antoine Lewis
Counsel of Record