UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                    CASE NO: 6:13-cr-221-Orl-28KRS

DEWARREN ANTOINE LEWIS

### ORDER

Defendant's Petition for Relief pursuant to "18 U.S.C. § 3582(c)(1)(A)(i) claiming 'extraordinary and compelling' circumstances' under catch-all-provision in subdivision D" (Doc. 101) (and Defendant's accompanying letter (Doc. 100)), construed as a motion for compassionate release, is before the Court for consideration. The Government filed a response opposing the requested relief. (Doc. 103). Defendant seeks relief, not for health reasons, but rather on a change of the statutory mandatory minimum consecutive penalties for violations of 18 U.S.C. § 924(c) since his original sentencing. Because Defendant cannot show extraordinary and compelling reasons for granting relief, the motion is due to be denied.[1]

Defendant, found guilty and convicted of two counts of bank robbery and two counts of carrying a firearm during a crime of violence, was sentenced on April 24, 2014 to five years each on the two counts of bank robbery to run concurrently, five years for the first

---

[1] It is unclear if Defendant has exhausted his administrative remedies prior to the filing of the instant motion. Defendant does not address this. The Government asserts Defendant filed a request in February 2020 for help in regard to compassionate release, but the Bureau of Prisons did not register the request to the Warden as a request for compassionate release and did not formally respond. (Doc. 103, n.2). For the purpose of this Order, the Court construes that Defendant has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c).

count of carrying a firearm and twenty-five years for the second count of carrying a firearm to run consecutively.[2] (Docs. 67, 68). The sentences imposed for the counts of carrying a firearm were mandatory minimum sentences under 18 U.S.C. § 924(c).[3] Four years later, in 2018, the First Step Act amended 18 U.S.C. § 924(c) to provide that a twenty-five-year consecutive term for a successive 924(c) offense does not apply unless the defendant has a previous final conviction for a 924(c) offense. At the time of sentencing, Defendant did not have a previous final conviction for a 924(c) offense. Defendant is now 34 years old with a projected release date of June 10, 2043. (Doc. 103).

Defendant seeks a reduction of his sentence in accordance with the amended provisions of 924(c), arguing that instead of a 30-year term for the counts of carrying a firearm, he should be resentenced to 10 years total for these two counts. (Doc. 101). However, the 2018 First Step Act amendment to 18 U.S.C. § 924(c) only applied to an offense that was committed before the date of the enactment of the Act if a sentence for the offense had not yet been imposed as of the date of the enactment. Pub. L. 115-391, 132 Stat. 5194. Congress expressly declined to make the amendment retroactive. Since Defendant was sentenced well before the enactment of the First Step Act, the amendment does not apply to his offenses. "Section 403 of the First Step Act provides expressly that the amendment to section 924(c) applies only to defendants not yet sentenced when the Act was enacted." *Willingham v. United States,* 805 F. App'x 815, 817 (11th Cir. 2020). And, "[n]o statute allows for the retroactive application of the [First Step Act's] change to

---

[2] Defendant went into two banks and held a gun to the heads of bank tellers, bank personnel and a bank customer, threatening to blow their brains out. (Doc. 66, PSR).

[3] Referred to as "stacking."

2

the stacking provision." *United States v. Rucker*, No. 04-20150-JWL, 2020 WL 4365544, at *3 (D. Kansas July 30, 2020).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2020). Congress granted the courts limited authority to modify a sentence in 18 U.S.C. § 3582(c). Under §3582(c)(1)(A), the Court can modify a sentence if it finds (i) extraordinary and compelling reasons that warrant a reduction; (ii) the defendant is at least 70 years old, has served at least 30 years, and the Director of the Bureau of Prisons has determined that the defendant is not a danger to the safety of any other person or the community; and any reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Extraordinary and compelling reasons are outlined in U.S.S.G. 1B1.13, the policy statement underlying 18 U.S.C. §3582. They include (A) medical conditions, (B) a defendant that is at least 65 years of age, and (C) family circumstances. Defendant does not allege any condition that falls within any of those categories, specifically stating that he is not seeking relief for medical or age-related reasons or physical limitations. (Doc. 100 at 1). Section (D) allows for other extraordinary and compelling reasons as determined by the Director of the Bureau of Prisons. However, the Director of the Bureau of Prisons has made no such determination as to this Defendant. *See also United States v. Strain,* No. 97-004, 2020 WL 1977114, at *4 (D. Alaska Apr. 24, 2020)("The Director of the BOP has not issued any policy or finding that sentences that resulted from now-impermissible 'stacking' of § 924(c) offenses qualify as an 'extraordinary and compelling reason.'"). Thus, while the First Step Act amended §3582(c) to allow a prisoner to bring a motion directly to

3

a court under certain circumstances, the Sentencing Commission has not amended the underlying policy, 1B1.13.[4]

Further, "[n]either the 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020) (unpublished). *See also, United States v. Neubert,* No. 1:07-cr-00166-SEB-KPF, 2020 WL 1285624, at *3 (S.D. Ind. March 17, 2020)( "the disparity between [defendant's] actual sentence and the one he would receive if he committed his crimes today is not an 'extraordinary and compelling circumstance.'"); *United States v. Rucker,* No. 04-20150-JWL, 2020 WL 4365544, at *3 (D. Kansas July 30, 2020)("a disparity based on a change in sentencing law cannot serve as the basis for relief under Section 3582(c)(1)(A)").

The cases Defendant cites in support of his motion are not persuasive. Some involved defendants with other circumstances warranting compassionate release. (*See United States v. Cantu*, 423 F. Supp. 3d 345 (S.D. Tex. 2019); *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802 (S.D. Iowa 2020 Apr. 29, 2020)). Others take a position that the court can ignore Congress' mandate that only the Sentencing Commission can change a policy statement. Courts are prohibited from granting compassionate release unless "such a reduction is consistent with applicable policy statements issued by" the Commission. 18 U.S.C. § 3582(c)(1)(A). *See Dillon v. United States*, 560 U.S. 817, 821 (2010)(a "reduction must be consistent with applicable policy statements issued by the

---

[4] Defendant confuses *who* may file a motion with *what criteria* supports compassionate release.

4

Sentencing Commission"); *United States v. Colon,* 707 F.3d 1255, 1259-60 (11th Cir. 2013) (3582(c)(2) requires courts to follow policy statements of the Sentencing Commission); *United States v. Nasirun,* No. 8:99-CR-367-T-27TBM, 2020 WL 686030, at *2 (M.D. Fla. Feb. 11, 2020)("any reduction must be consistent with the policy statements of the Sentencing Commission").

The basis for compassionate release is based on individual circumstances and not a medium for mass reductions of statutory penalties.

> Compassionate release theory draws from a fundamental belief, rooted in human dignity, that an inmate's altered and unfortunate circumstances may demand early release from incarceration. Compassionate release's legal justification asserts that impending death, sickness, extreme family responsibilities, or age have canceled a prisoner's debt to society, such that release, prior to the completion of the prisoner's sentence, is warranted. Its moral rationale demands that dying prisoners be deemed worthy of a dignified death, indispensable to the fabric of their families as sole caregivers, and/or worthy of experiencing their final living days unconfined by prison walls. [5]

Allowing the remedy sought by Defendant would alter Congress' sentencing scheme and undermine the finality of sentences. "Without finality, the criminal law is deprived of much of its deterrent effect." *Teaque v. Lane,* 489 U.S. 288, 309 (1989).

Defendant has not identified any extraordinary and compelling reasons to grant him the relief he requests. Additionally, the Court has considered the 3553(a) factors and finds that they weigh heavily against granting Defendant relief. Defendant poses a safety risk to others. Defendant robbed two banks with a firearm. During the two robberies, he held the

---

[5] Jalila Jefferson-Bullock, *Consensus, Compassion, and Compromise? The First Step Act and Aging Out of Crime,* 2019 WL 7766107, at *70, Federal Sentencing Reporter, Vol. 32, No. 2, December 2019 (footnotes omitted).

5

firearm to the head of multiple people in both banks and threatened to blow the brains out of each person. (Doc. 66, PSR, ¶¶10-16). When he committed these offenses, he had a level VI criminal history and had committed several prior serious criminal offenses. (Doc. 66, PSR, ¶ 54-62,65). The sentence imposed is necessary to protect the public, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to deter Defendant from future crimes.

Defendant's Motion for Compassionate Release (Docs. 100, 101) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August __10__, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Dewarren Antoine Lewis

6