UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                        CASE NO: 6:13-cr-221-Orl-28KRS

DEWARREN ANTOINE LEWIS

## ORDER

Defendant's "Motion for Reconsideration of Defendant's Request for Compassionate Release, Claiming Extraordinary and Compelling Circumstances Pursuant to 18 U.S.C. § 3582c)(1(A)(i)" (Doc. 106), construed as a motion for reconsideration of the Court's August 10, 2020 order denying Defendant's motion for compassionate release (Doc. 105), is before the Court for consideration. Defendant also filed a "Supplementary Brief." (Doc. 108). The Government filed a response opposing the requested relief. (Doc. 109). Because Defendant offers no intervening change in controlling law, no new evidence, and makes no showing of clear error or manifest injustice, the motion is due to be denied.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit Court of Appeals] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011) (citing *United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)).

In deciding motions for reconsideration in criminal cases, courts rely on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. *United States v. Brown*, No. 3:18-cr-89-J-34JRK, 2019 WL 7067091, at * 1 (M.D. Fla. Dec. 23, 2019). The grounds for granting a Rule 59 motion

are newly discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). These parameters include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). The purpose of a motion for reconsideration is not to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327,1344 (11th Cir. 2010). And, a motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the" Court's ruling. *Michael Linet, Inc. v. Village of Wellington, Fla.*. 408 F.3d 757, 763 (11th Cir. 2005).

Defendant sought compassionate release under section (D) of U.S.S.G. 1B1.13, the policy statement underlying 18 U.S.C. § 3582, due to the amended provisions of 18 U.S.C. § 924(c) made under the First Step Act in 2018. In its August 10, 2020 order, the Court found the amendment did not apply to Defendant, and Defendant did not present any extraordinary and compelling reasons to grant him the relief he requested. The Court also considered the section 3553(a) factors and found they did not weigh in favor of Defendant's release.

Defendant does not allege an error of law or fact or present newly discovered evidence, but rather urges the Court to change its mind based on non-binding cases that decided the issue of what constitutes extraordinary and compelling circumstances

differently than this Court. Defendant additionally asks the Court to change its mind as to the section 3553(a) factors.[1]

Defendant offers no intervening change in controlling law, no new evidence, and makes no showing of clear error or manifest injustice of the Court's August 10, 2020 Order. (Doc. 105). Defendant's Motion for Reconsideration (Doc. 106) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 2, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Dewarren Antoine Lewis

---

[1] Defendant also makes repeated arguments that the Court did not consider the "Reply" he filed at docket entry 104. Defendant did not seek leave, and the Court did not grant leave to Defendant, to file a Reply. See Local Rule 3.01(c). The Court was thus under no obligation to consider the Reply. However, although not specifically called out in the August 10, 2020 Order (Doc. 105), the Court considered the Reply and found no arguments not already advanced.