# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO. 6:13-cr-221-JA-KRS

**DEWARREN ANTOINE LEWIS**

---

## ORDER

Defendant once again seeks to have his sentence reduced to time served based on extraordinary and compelling reasons "surrounding the severity of his sentence based on the 924(c) penalties as well as the disparity between his sentence previously imposed and the sentence that would be imposed if he was sentenced today." (Doc. 112).[1] Defendant's previous request on the same basis was denied. (Doc. 105). Defendant's motion for reconsideration of that order was also denied. (Docs. 106, 110). In the instant motion, Defendant relies on two recent cases to support his claims. The cases he relies on however, are district court cases and since their entry, the Eleventh Circuit has issued a contrary opinion deciding that courts do not have discretion "to develop 'other reasons' that might justify a reduction in a defendant's sentence." *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). Accordingly, Defendant's

---

[1] The Government opposes the motion. (Doc. 114).

"Request to Reduce Sentence to Time Served Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i)" is due to be denied.

In January 2014, a jury found Defendant guilty of two counts of bank robbery (18 U.S.C. § 2113(a) and (d)) and two counts of carrying a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)). On April 24, 2014, the Court sentenced Defendant to concurrent five-year terms of imprisonment for the bank robbery offenses. The Court also sentenced Defendant to a five-year term of imprisonment on the first offense of carrying a firearm offense and twenty-five-year term on the second carrying a firearm offense, which were the mandatory minimum sentences under 18 U.S.C. § 924(c). The Court required that the sentences for carrying a firearm during a crime of violence be served consecutively to the sentences for bank robbery and consecutive to one another. Thus, the total sentence imposed by the Court was 420 months.

Four years later—in 2018—Congress enacted the Frist Step Act, which among other things, provided that the twenty-five year mandatory sentence for carrying a firearm during a crime of violence did not apply unless a defendant had a previous conviction for a 924(c) offense.

Defendant argues, as he did earlier, that because he would now receive ten years total for the two counts of carrying a firearm under § 924(c) versus the thirty he received in 2014, the court should find extraordinary and compelling

reasons exist to reduce his sentence to time served. This argument fails on two grounds.

First, the amendment made to 18 U.S.C. § 924(c) was not made retroactive. "Section 403 of the First Step Act provides expressly that the amendment to section 924(c) applies only to defendants not yet sentenced when the Act was enacted." *Willingham v. United States*, 805 F. App'x 815, 817 (11th Cir. 2020). Defendant was sentenced well before the First Step Act was enacted. "No statute allows for the retroactive application of the [First Step Act's] change to the stacking provision." *United States v. Rucker*, No. 04-20150-JWL, 2020 WL 4365544, at *3 (D. Kansas, July 30, 2020).

Second, a change in the provision of § 924(c) is not an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A). Defendant, primarily relying on *United States v. McCurry*, Case No. 6:08-cr-27-Orl-22LRH, 2021 WL 71189 (M.D. Fla. January 4, 2021), argues this Court has the authority to reduce his sentence based on extraordinary and compelling reasons. The court in *McCurry* found it had discretion under § 3582(c)(1)(A) to reduce Defendant's sentence to reflect the changes to the current sentencing scheme. *McCurry*, 2021 WL 71189, at *4. The *McCurry* court recognized the Eleventh Circuit had not decided whether § 3582 allowed for a sentence reduction based on an amended sentencing scheme at the time of its decision, but noted other circuit courts had found district courts could use their discretion to reduce § 924(c) sentences via

compassionate release. *McCurry*, 2021 WL 71189, at *3. But after *McCurry*, the Eleventh Circuit issued its decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021). In *Bryant*, the court held that "1B1.13 is an applicable policy statement that governs all motions under Section 3582(c))1)(A). Accordingly, district courts may not reduce a sentence under Sections 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262. In *Bryant*, because Defendant Bryant's request for relief did not fall within any of the reasons that 1B1.13 identified as "extraordinary and compelling," the Eleventh Circuit found that the district court correctly denied Bryant's motion for reduction of his sentence. And so it is with Defendant's motion.

Extraordinary and compelling reasons outlined in U.S.S.G. 1B1.13 do not include changes to sentencing provisions. They include Application Notes 1 (A) medical conditions, (B) a defendant that is at least 65 years of age, and (C) family circumstances. Defendant does not allege any condition that falls within any of these categories. Application Note 1 (D) allows for other extraordinary and compelling reasons as determined by the Director of the Bureau of Prisons. "The Director of the BOP has not issued any policy or finding that sentences that resulted from now-impermissible 'stacking' of § 924(c) offenses qualify as an 'extraordinary and compelling reason.'" *United States v. Strain*, No. 97-004, 2020 WL 1977114, at *4 (D. Alaska April 24, 2020). Ultimately, Application

4

Note 1 (D) "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248. That is, "the phrase '[a]s determined by the Director of the [BOP]'" cannot be replaced with "as determined by a district court." *Bryant*, 996 F.3d at 1263.

Accordingly, Defendant's reliance on *McCurry* is misplaced and he has again failed to identify any extraordinary and compelling reasons under 1B1.13 to grant him the relief he requests.

If Defendant had presented extraordinary and compelling reasons—which he did not—the Court could grant a sentence reduction only after considering the 3553(a) factors and finding they weigh in favor of Defendant. 18 U.S.C. § 3582(c)(1)(A). In an abundance of caution, the Court again considered the 3553(a) factors and finds—as before—that they continue to weigh against granting relief to Defendant.

As stated in the Court's August 10, 2020 order:

> [T]he Court has considered the 3553(a) factors and finds that they weigh heavily against granting Defendant relief. Defendant poses a safety risk to others. Defendant robbed two banks with a firearm. During the two robberies, he held the firearm to the head of multiple people in both banks and threatened to blow the brains out of each person. (Doc. 66, PSR, ¶¶ 10-16). When he committed these offenses, he had a level VI criminal history and had committed several prior serious criminal offenses. (Doc. 66, PSR, ¶ 54-62, 65). The sentence imposed is necessary to protect the public, to reflect the

> seriousness of the offense, to promote respect for the law, to provide just punishment, and to deter Defendant from future crimes.

Doc. 105 at 5-6.

Defendant contends that the 3553(a) factors weigh strongly in his favor arguing, *inter alia*, he did not discharge his weapon or cause any bodily harm to any of the victims. (Doc. 112 at 9). Of course, if Defendant had done so, the crimes charged would have been different as well as the penalties associated thereto. Armed robberies have long lasting effects on victims' fear, social behavior, and psychological health. As related by the Government, a representative from Regions Bank, one of the banks Defendant robbed, indicates that one of the victims still works at the bank and suffers from PTSD related to the robbery. (Doc. 114 at 7).

Defendant also argues that "[b]efore the robberies occurred defendant had no violent offenses on his record and though his underlying offense was serious, this still in no way indicates that the defendant is a threat or a danger to the public." (Doc. 112 at 9). Defendant's actions of placing a handgun to the head of bank customers, bank customer sales representatives and tellers, and threatening to blow their brains out if they did not comply with his demands, is a clear indicator that he is a threat and danger to the public.

Defendant's "Request to Reduce Sentence to Time Served Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. 112) is **DENIED**.

DONE and ORDERED in Orlando, Florida, on July 6th, 2021.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Dewarren Antoine Lewis