UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO. 6:13-cr-221-JA-KRS

DEWARREN ANTOINE LEWIS

ORDER

Before the Court is Defendant Dewarren Antoine Lewis's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 133).[1] The Government filed a response in opposition to the motion (Doc. 137), to which Lewis filed a reply (Doc. 122). Based on the Court's review of the parties' submissions, the motion (Doc. 133) is granted in part.

I.   BACKGROUND

In January 2014, a jury found Lewis guilty of two counts of bank robbery (18 U.S.C. § 2113(a) and (d)) and two counts of using and carrying a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)). (Doc. 45; Doc. 68; Doc. 133 at 2; Doc. 137 at 1–2). On April 24, 2014, the Court sentenced

---

[1] This is Lewis's fifth motion for a sentence reduction or compassionate release. (Doc. 133). The Court denied three of Lewis's prior motions for compassionate release on August 10, 2020; July 6, 2021; and August 1, 2023. (Doc. 105; Doc. 110; Doc. 115; Doc. 123 at 1 n.1, 6). Before the Court (and the Government) could address Lewis's fourth motion for compassionate release, he filed his fifth motion for compassionate release (Doc. 133). His fifth motion (Doc. 133) for compassionate release renders his fourth motion (Doc. 130) **MOOT**.

Lewis to concurrent five-year terms of imprisonment for the bank robbery offenses. (Doc. 123 at 1). The Court also sentenced Lewis to a five-year term of imprisonment for the first carrying-a-firearm offense and a twenty-five-year term on the second carrying-a-firearm offense, which were the mandatory minimum sentences under 18 U.S.C. § 924(c). (Doc. 68; Doc. 123 at 1–2; Doc. 137 at 1–2). As required by 18 U.S.C. § 924(c), the sentences for carrying a firearm during a crime of violence were ordered to be served consecutive to the sentences for bank robbery and consecutive to one another. Thus, the total sentence imposed by the Court was 420 months.[2] (Doc. 77 at 13).

Four years later—in 2018—Congress enacted the First Step Act, which provides, *inter alia*, that the twenty-five-year consecutive mandatory minimum sentence for carrying a firearm during a crime of violence does not apply unless a defendant had a previous conviction for a § 924(c) offense. First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5222, § 403; (Doc. 123 at 2; Doc. 137 at 2 & n.2). In other words, a second § 924(c) offense in the same case is insufficient for the twenty-five-year consecutive mandatory minimum sentence to apply to a defendant.

As in his prior motions for compassionate release, Lewis argues that because he would now face only a ten-year mandatory minimum for the two

---

[2] Currently, Lewis is incarcerated at Yazoo City Medium FCI, is thirty-eight years old, and has a projected release date of June 24, 2043. (Doc. 137 at 2).

2

counts of carrying a firearm under § 924(c) versus the thirty he faced in 2014, the Court should find extraordinary and compelling reasons exist to reduce his sentence to time served. (*See, e.g.*, Doc. 115 at 2–3; Doc. 123 at 2).

## II. LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); *see also* 18 U.S.C. § 3582(c) (providing that once a term of imprisonment has been imposed, "[t]he court may not modify" it except for limited enumerated reasons). In 18 U.S.C. § 3582(c), the procedure and factors for a court to consider before it may grant compassionate release are outlined.

First, the Court must find that the defendant has exhausted his administrative rights with the Bureau of Prisons (BOP). 18 U.S.C. § 3582(c)(1)(A); *United States v. Bryant*, 996 F.3d 1243, 1264 (11th Cir. 2021). Second, the Court must find that "extraordinary and compelling reasons," as defined by U.S.S.G. § 1B1.13, warrant a reduction. 18 U.S.C. § 3582(c); *see United States v. Elie*, No. 6:09-cr-50 (Doc. 138 at 14) (M.D. Fla. May 3, 2024). Third, the Court must find that the defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(a)(2); *see Elie*, No. 6:09-cr-50 (Doc. 138 at 21–22). Finally, the Court must consider the applicable factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13(a); *see Elie*, No. 6:09-cr-50 (Doc. 138 at 15). The defendant has "the burden of proving entitlement to

relief under section 3582." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

## III. DISCUSSION

### A. Exhaustion

As an initial matter, it is undisputed that Lewis exhausted his administrative rights. He sought a sentence reduction from his warden that was denied on October 17, 2023. (Doc. 137 at 6). More than thirty days passed since the BOP's receipt of Lewis's application before he filed the instant motion, and the BOP declined to file a motion on his behalf. (Doc. 137-1). The Government acknowledges that the Court may consider Lewis's motion on the merits. (Doc. 137 at 6).

### B. U.S.S.G. § 1B1.13(b)(6) is Valid

In seeking a sentence reduction, Lewis relies on U.S.S.G. § 1B1.13(b)(6). (Doc. 123 at 5).[3] This section, which went into effect on November 1, 2023, provides that an "unusually long sentence" can be an extraordinary and compelling reason" warranting a sentence reduction. An unusually long sentence can qualify as extraordinary and compelling reason so long as "an

---

[3] In denying his third motion for compassionate release in 2023, the Court noted that Lewis's reliance on U.S.S.G. § 1B1.13(b)(6) was premature because the amendment was not effective yet. (Doc. 123 at 5).

intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Amendments to the Sentencing Guidelines, at 5, 11 (U.S. Sent'g Comm'n Apr. 27, 2023) (effective Nov. 1, 2023).

Apparently, the Government concedes that Lewis is now eligible for relief under U.S.S.G. § 1B1.13(b)(6). However, it argues that U.S.S.G. § 1B1.13(b)(6) is invalid because the Sentencing Commission exceeded its authority in promulgating it. (Doc. 137 at 8 (citing 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(a))).[4] This Court, like many others in the Eleventh Circuit, disagrees with the Government.[5]

---

[4] Specifically, the Government argues that: (1) U.S.S.G. § 1B1.13(b)(6) conflicts with the text, context, structure, and purpose of 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(a); (2) a nonretroactive change in the law cannot serve as an extraordinary or compelling reason for a sentence reduction; (3) treating intervening changes in the law as extraordinary and compelling reasons for a sentence reduction would undermine the primary purpose of the Sentencing Reform Act; (4) allowing courts to apply nonretroactive changes in law to particular defendants violates separation-of-powers principles; (5) Congress's failure to reject the Sentencing Commission's determination does not validate that determination; and (6) *Concepcion v. United States*, 142 S. Ct. 2389, 2397 (2022), does not authorize reductions under U.S.S.G. § 1B1.13(b)(6). (Doc. 137 at 8–24).

[5] *See, e.g., United States v. Jean*, No. 2:11-CR-97, 2024 WL 3948834, at *3 (M.D. Fla. Aug. 26, 2024) ("Because the Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, this Court can accept § 1B1.13(b)(6)'s validity and applicability." (quoting *United States v. Allen*, 717 F. Supp. 3d 1308, 1315 (N.D. Ga. 2024))); *accord United States v. Allen*, No. 2:03-CR-74, 2024 WL 4052904, at *3 (M.D. Fla. Sept. 5, 2024); *United States v. Bizzell*, No. 6:10-CR-145, 2024 WL 1832995, at *1 (M.D. Fla. Apr. 26, 2024); *United States v. McCain*, No. 3:12-cr-34 (Doc. 155 at 5) (M.D. Fla. May 2, 2024) ("[I]n and of itself, a nonretroactive amendment to a sentencing statute is not extraordinary and compelling. . . . But that is not what § 1B1.13(b)(6) authorizes. . . . Rather, the

Courts in the Eleventh Circuit have rejected the Government's verbatim arguments. And the Government does not raise or assert new arguments or citations in its response that have not been previously rejected by this circuit's courts. (*Compare* Doc. 137 at 8–24, *with McCain*, No. 3:12-cr-34 (Doc. 151 at 5–20), and *Elie*, No. 6:09-cr-50 (Doc. 131 at 5–18)).[6] Thus, as found by other courts in this circuit, U.S.S.G. § 1B1.13(b)(6) is a valid exercise of the Sentencing Commission's authority and is a binding policy statement. *See, e.g., Jean*, 2024 WL 3948834, at *4;[7] *Allen*, 2024 WL 4052904, at *3; *Bizzell*, 2024 WL 1832995, at *1; *McCain*, No. 3:12-cr-34 (Doc. 155); *Elie*, No. 6:09-cr-50 (Doc. 138).

---

Sentencing Commission determined that such an amendment could <u>lead</u> to an extraordinary and compelling reason for a reduction—namely, a gross disparity between an individual's actual sentence and the sentence he would have received under the amended statute."); *Elie*, No. 6:09-cr-50 (Doc. 138); *United States v. Smith*, No. 99-cr-66, 2024 WL 885045, at *2 (N.D. Fla. Feb. 20, 2024); *United States v. Padgett*, No. 06-cr-13, 2024 WL 676767, at *3 (N.D. Fla. Jan. 30, 2024); *Joseph*, 2024 WL 4341964, at *7; *United States v. Franklin*, No. 95-00787-CR, 2024 WL 4295912, at *3 (S.D. Fla. Sept. 18, 2024) (citing *United States v. Adley*, No. 03-20678-CR, 2024 WL 1961484, at *4 (S.D. Fla. May 3, 2024), and *United States v. Ware*, No. 1:97-CR-00009, 2024 WL 1007427, at *4–7 (N.D. Ga. Mar. 6, 2024)); *United States v. Durden*, No. 1:07-CR-0020, 2024 WL 4182591, at *4 (N.D. Ga. May 30, 2024).

[6] For example, the Government argues in its response that *Concepcion v. United States*, 142 S. Ct. 2389, 2397 (2022), does not authorize reductions under U.S.S.G. § 1B1.13(b)(6). Although that argument is absent from the Government's brief in *Elie*, it was raised verbatim (and rejected) in *McCain*. (*Compare* Doc. 137 at 23–24, *with McCain*, No. 3:12-cr-34 (Doc. 151 at 19–20)).

[7] In *Jean*, the defendant's motion for sentence reduction was denied because although the court found U.S.S.G. § 1B1.13(b)(6) valid, the defendant failed to show that there was a gross disparity in the sentence being served and the sentence likely to be imposed at the time the motion was filed. *Jean*, 2024 WL 3948834, at *4.

6

C. **Extraordinary and Compelling Reasons**

There is an opportunity for relief under U.S.S.G. § 1B1.13(b)(6) "where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Amendments to the Sentencing Guidelines, at 5, 11 (U.S. Sent'g Comm'n Apr. 27, 2023) (effective Nov. 1, 2023).

When Lewis was sentenced, under 18 U.S.C. § 924(c) there was a twenty-five-year mandatory minimum sentence for a second offense of carrying a firearm during a crime of violence. But that statute has been amended, and the twenty five-year minimum now only applies to defendants who had a previous § 924(c) conviction. Only a second five-year minimum mandatory—a total of ten years—would apply to Lewis if he were sentenced today, which he argues produces a "gross disparity" here.[8] The Court agrees. A twenty-year sentencing difference reflects a "gross disparity." *See Elie*, 6:09-cr-50 (Doc. 138 at 30) (collecting cases). Further, Lewis has served ten years of his sentence. And, finally, Lewis's 420-month sentence is unusually long. *See Elie*, 6:09-cr-50 (Doc.

---

[8] The Government does not dispute that if Lewis were sentenced today, he would be subject to a total ten-year minimum mandatory rather than a thirty-year minimum mandatory sentence for the firearm offenses.

7

138 at 29, 37–38) (collecting cases with § 924(c) stacked charges pre-amendment and finding 32-year sentence for robbery and firearm offenses was unusually long). Thus, under § 1B1.13(b)(6), Lewis presents extraordinary and compelling reasons to reduce his sentence.

Additionally, Lewis persuasively argues that his rehabilitation during incarceration adds to the extraordinary and compelling reasons for reducing his sentence. U.S.S.G. § 1B1.13(d). While rehabilitation alone is insufficient to constitute an extraordinary and compelling reason, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t); *United States v. Gibson*, No. 4:09cr009 (Doc. 461 at 8, 10–11) (N.D. Fla. Apr. 12, 2024). Since Lewis's incarceration ten years ago, he has earned his G.E.D. and "a degree in Microsoft technology from Holmes Community College." (Doc. 133 at 10). Lewis has been "assist[ing] with mentoring The Boys and Girls club in his community, and churches." (*Id.*). And while Lewis has blemishes on his incarceration record, after "an intense dispute with another inmate, [he] enrolled . . . in a 'Challenge Program' which is a [twenty-four-hour] Therapeutic community that focus[es] on thinking patterns and behavioral modification." (*Id.*). After completing over 500 hours in the program, Lewis remained in the community as a mentor until his transfer to a lesser custody level facility. (*Id.*).

Thus, under U.S.S.G. § 1B1.13(b)(6) and (d), Lewis presents extraordinary and compelling reasons to reduce his sentence. While these reasons are not so extraordinary and compelling that they demand Lewis's immediate release from incarceration, they are significant enough to support a reduction in his sentence.

### D.   Not a Danger to the Community and § 3553 Factors

Next, the Court must determine whether the "defendant is . . . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Factors in § 3142 include: (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger posed by Defendant's release. 18 U.S.C. § 3142(g)(1)–(4); *Elie*, 6:09-cr-50 (Doc. 138 at 20). Additionally, the Court must consider the relevant factors under § 3553(a) in determining whether reduction is appropriate. 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.13(a); *see United States v. McCain*, No. 3:12-cr-34 (Doc. 155 at 4 & n.2) (M.D. Fla. May 2, 2024) (explaining that the court must consider § 3553(a) factors only to the extent that they are relevant). Factors under § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentencing disparities.

9

Previously, this Court denied Lewis's motions for compassionate release, because, *inter alia*, it found "that he is a threat and danger to the public." (Doc. 105 at 5–6; Doc. 110 at 2; Doc. 115 at 5–6; Doc. 123 at 5). In reaching that conclusion, the Court referred to Lewis's conduct during the robberies, including threats he made to his victim. (Doc. 105 at 5–6 (record citations omitted); *see* Doc. 137 at 24–27). And "[w]hen [Lewis] committed [the] . . . offenses [of conviction], he had a level VI criminal history and had committed several prior serious criminal offenses." (Doc. 105 at 5–6 (record citations omitted); *see* Doc. 137 at 24–27). However, at thirty-eight years old, and now having served ten years of his sentence, the Court's concern that Lewis would pose a risk to the public are greatly diminished. (Doc. 133 at 9).

In 2015, Lewis earned his G.E.D. (*Id.* at 10). "He has also earned a degree in Microsoft technology from Holmes Community College, and continues to take" continuing education classes. (*Id.*). Beyond a commitment to his education, Lewis has been "assist[ing] with mentoring The Boys and Girls club in his community, and churches." (*Id.*). Finally, while Lewis has had blemishes on his incarceration record,[9] after "an intense dispute with another inmate, [he] enrolled . . . in a 'Challenge Program' which is a [twenty-four-hour] Therapeutic

---

[9] Importantly, Lewis has not had a violent altercation or possessed a dangerous weapon since 2016. (Doc. 137-2 at 1). And Lewis's two most recent incidents (in 2020 and 2022) involved improper use or possession of a telephone. (*Id.*; Doc. 138 at 15).

10

community that focus[es] on thinking patterns and behavioral modification." (*Id.*). After completing over 500 hours in the program, Lewis remained in the community as a mentor until his transfer to a lesser custody level facility. (Doc. 133 at 10).

Accordingly, the § 3553(a) factors weigh slightly in favor of Lewis's early release. Given this record, the Court finds that Lewis will not be a danger to the community upon release if his sentence is shortened by sixty months. Thus, the most appropriate reduction, consistent with the foregoing discussion, is a five-year (or 60-month) reduction in Lewis's sentence.

## IV. CONCLUSION

As discussed, Lewis has presented "extraordinary and compelling" circumstances under U.S.S.G. § 1B1.13(b)(6) and (d) that merit reduction of his sentence. His release after serving more of his term would not endanger the community, and the § 3553 factors favor the reduction in sentence.

Accordingly, Lewis's motion for sentence reduction (Doc. 133) is **GRANTED to the extent that** his sentence for the fourth count of using and carrying a firearm during and in relation to a crime of violence is **REDUCED** from 300 months to 240 months, and his **total sentence is reduced to 360 months**. The terms and conditions of his supervised release (*see* Doc. 68 at 3–4), remain in place. As previously stated, Lewis's prior motion for sentence

reduction (Doc. 130) is **DENIED as moot**. And the Government's motion to file excess pages (Doc. 136) is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida, on October 31st, 2024.

                                    JOHN ANTOON II
                                    United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
Dewarren Antoine Lewis