UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                              CASE NO. 6:13-cr-221-JA-KRS

DEWARREN ANTOINE LEWIS

## ORDER

Before the Court is Defendant Dewarren Antoine Lewis's motion (Doc. 140) for reconsideration of the Order (Doc. 139) granting him a five-year sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The motion is denied because it is unmeritorious.

While the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, such motions in criminal cases are permissible in some circumstances. *See United States v. Hammoud*, 8:04-CR-2-T-27MAP, 2012 WL 13176320, at *1 (M.D. Fla. Sept. 13, 2012). "Applying the standard for reconsideration in civil cases, the only grounds for reconsidering a ruling are the submission of newly-discovered evidence or a demonstration of manifest error." *Id.* (citing *Kight v. IPD Printing & Distrib., Inc.*, 427 Fed. Appx. 753, 755 (11th Cir. 2011) (internal citation omitted)).

Lewis has not demonstrated that the Court manifestly erred by reducing his sentence by five years (rather than fifteen years).[1] (Doc. 140 at 5). Lewis's motion for reconsideration is based on his misreading of the Court's Order, not on an error that the Court made.

Here, Lewis misinterprets the Court's Order as finding that he had "'four counts' of carrying a firearm during and in relation to a crime of violence." (Doc. 140 at 5). However, what the Court referred to is Lewis's **fourth** count, not four counts of the same crime. (Doc. 139). Specifically, the Court stated that "Lewis's motion for sentence reduction (Doc. 133) is **GRANTED to the extent that** his sentence for the fourth count of using and carrying a firearm during and in relation to a crime of violence is **REDUCED** from 300 months to 240 months, and his **total sentence is reduced to 360 months**." (Doc. 139 at 11). Here, "fourth" count does not mean that there are four counts of one crime. Instead, it refers to a specific count (the fourth) out of several. Ultimately, Lewis has not identified any error here—only his own misreading.

And while Lewis believes that it is important that a ten-year minimum mandatory would apply if he were sentenced today, the amended statute does not apply retroactively. Lewis has not shown that there is any binding authority requiring the Court to resentence Lewis as though he were sentenced today.

---

[1] Lewis does not submit newly-discovered evidence in seeking reconsideration.

2

And in fact, once a term of imprisonment has been imposed, it may not be modified it except for limited enumerated reasons. (*See* Doc. 139 at 3).

Lewis has not demonstrated that the Court erred by not reducing his sentence by more than five years. The Court has discretion to determine the extent to which a sentence reduction is warranted. (Doc. 139 at 8); *see United States v. Allen*, 717 F. Supp. 3d 1308, 1318 (N.D. Ga. 2024) (reiterating that district courts are vested with discretion in reducing sentences). Lewis has not shown that the Court committed a manifest error with a five-year reduction.

Ultimately, Lewis has not identified any error in the Court's Order or submitted newly-discovered evidence in seeking reconsideration. Accordingly, Lewis's motion for reconsideration (Doc. 140), is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on December 10, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
Dewarren Antoine Lewis