# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

VS.                                              CASE NO. 6:13-cr-221-JA-E_K

**DEWARREN ANTOINE LEWIS**

_____

## ORDER

Defendant Dewarren Antoine Lewis has exhausted his administrative remedies, and he has exhausted the Court in doing so. This is his sixth motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[1] The Court previously granted Lewis's fifth motion for a sentence reduction in part, (Doc. 139), but Lewis argues that the reduction was insufficient. Lewis does not raise any new grounds for a sentence reduction. His basis for the instant motion—a change to 18 U.S.C. § 924(c)'s stacking provision—was already considered by the Court and formed the basis for granting him a partial sentence reduction. (Doc. 139).[2]

---

[1] The Court denied three of Lewis's prior motions for compassionate release on August 10, 2020; July 6, 2021; and August 1, 2023. (Doc. 105; Doc. 110; Doc. 115; Doc. 123 at 1 n.1, 6). Lewis's fourth motion for compassionate release was denied as moot, (Doc. 139 at 1 n.1), and his fifth motion for compassionate release was granted in part, (Doc. 139).

[2] Lewis also relies on case law that does not apply to him or does not require a different result. For example, Lewis cites *Hewitt v. United States*, 145 S. Ct. 2165 (2025), to argue that § 924(c)'s "prior stacking regime is fundamentally flawed and no longer reflects congressional intent." (Doc. 159 at 3). But *Hewitt* reinforces what this Court already told Lewis—"the amended statute does not apply retroactively." (Doc. 143 at 2); *see Hewitt*, 145 S. Ct. at 2169–70.

And the Court has already rejected Lewis's motion for reconsideration of its Order granting him a partial sentence reduction, again addressing § 924(c)'s stacking provision. (Doc. 143). Since the statute has not changed since the Court's previous Order granting Lewis a partial sentence reduction, Lewis does not present an extraordinary and compelling reason for a sentence reduction. *See* U.S.S.G. § 1B1.13. And even if Lewis did, he has not shown a change in the weight of the 18 U.S.C. § 3553 factors or his danger to the community since the Court's Order granting him a partial sentence reduction.

Accordingly, Lewis's motion for a sentence reduction (Doc. 152; Doc. 154) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 26, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
Dewarren Antoine Lewis