UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**v.** **Case No. 6:13-CR-00221-JA-E_K-1**

**DEWARREN ANTOINE LEWIS**

---

**ORDER**

This case is before the Court on Defendant's Motion for Compassionate Release (Doc. 70). After considering his arguments and the recent Supreme Court decision in *Rutherford v. United States*, 608 U.S. 454 (2026), Defendant's motion must be denied.

## I. Background

In 2014, a jury convicted Defendant of two counts of bank robbery (18 U.S.C. § 2113(a)), and two counts of using and carrying a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(l)(A)). (Doc. 139 at 1–2). The Court sentenced Defendant to concurrent five-year terms of imprisonment for the bank robbery offenses. (Doc. 139 at 2). The Court sentenced Defendant to a five-year term of imprisonment for the first firearm offense and a twenty-five-year term on the second firearm offense—the mandatory minimum sentences under § 924(c) at the time of Defendant's sentencing. (*Id.*). As was required in

2014, Defendant's § 924(c) sentences were ordered to be served consecutive to the terms for bank robbery and consecutive to one another. (*Id.*). Thus, the total sentence imposed by the Court was 420 months. (Doc. 77 at 13).

In 2018, Congress enacted the First Step Act, which changed the mandatory minimum sentence requirements for a § 924(c) offense, including the "stacking" requirement that mandated that a defendant serve his terms consecutively. *See Rutherford*, 608 U.S. at 1327. For Defendant, those changes would mean that the twenty-five-year consecutive sentence for his second firearm offense—which was mandatory at the time he was sentenced—would not have applied had he been convicted after the Act was passed. (*See* Doc. 139 at 2). However, Congress made the Act's changes to § 924(c)'s sentencing requirements nonretroactive, meaning the amendments did not affect sentences—like Defendant's—rendered before the Act was passed. 608 U.S. at 1327.

In 2024, Defendant filed a motion for compassionate release under U.S.S.G. § 1Bl.13(b)(6). He argued that his sentence was unusually long given the Act's changes to § 924(c) offenses, presenting an extraordinary and compelling reason for compassionate release. (*See* Doc. 139 at 7). The Court

agreed and reduced Defendant's sentence, considering the sentencing disparity to be an extraordinary and compelling reason. (*Id.* at 7–11). The Court reduced Defendant's sentence for the fourth count of using and carrying a firearm during and in relation to a crime of violence from 300 to 240 months. (*Id.* at 11). Defendant asked the Court to reconsider its decision, arguing that his sentence should have been reduced further under the mandatory minimums in place after the Act's changes to § 924(c). (Doc. 140). The Court denied Defendant's motion for reconsideration. (Doc. 143). Defendant again moved for compassionate release on the same basis (Doc. 152, Doc. 154), which the Court denied (Doc. 160). In Defendant's Renewed Motion for Compassionate Release, he raises the same § 924(c) sentencing-disparity argument as his prior motions. (Doc. 170).

## II. Discussion

Since the Court reduced Defendant's sentence in 2024 (Doc. 139), legal precedent has changed. Earlier this year, the Supreme Court closed the door to compassionate release based on the length of § 924(c) convictions rendered before and after the First Step Act. *Rutherford*, 608 U.S. at 1335. In *Rutherford*, the Court held that "Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible

for compassionate release." *Id.* In other words, the disparity between § 924(c) sentences rendered before and after Congress passed the First Step Act is not an extraordinary and compelling reason qualifying defendants like Defendant for compassionate release. *Id.* at 1332. And that is true even considering Defendant's evidence of rehabilitation. *See id.* at 1329.

## III. Conclusion

The Court's discretion in amending a sentence it already imposed is limited. *Rutherford* makes clear that the basis of Defendant's motion—the sentencing disparities in § 924(c) convictions due to Congress's nonretroactive amendments—is not an eligible basis for compassionate release. Accordingly, it is **ORDERED** that Defendant's Renewed Motion for Compassionate Release (Doc. 170) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 11th, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record